**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-1454

ELKINS SUBARU, INC.,

                Plaintiff - Appellant,

        v.

SUBARU OF AMERICA, INC., a foreign corporation licensed and
authorized to do business in West Virginia,

                Defendant – Appellee.

Appeal from the United States District Court for the Northern
District of West Virginia, at Elkins.   John Preston Bailey,
Chief District Judge.  (2:10-cv-00132-JPB)

Submitted:  September 14, 2012      Decided:  November 2, 2012

Before NIEMEYER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Daniel C. Cooper, COOPER LAW OFFICES, PLLC, Bridgeport, West
Virginia, for Appellant.   Christopher S. Dodrill, Philip J.
Combs, THOMAS COMBS & SPANN, PLLC, Charleston, West Virginia,
for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elkins Subaru, Inc. (Elkins Subaru), a Subaru automobile dealership, brought this action against Subaru of America, Inc. (SOA), a Subaru automobile distributor, seeking reasonable rental value payments under West Virginia Code § 17A-6A-8(2). In granting summary judgment to SOA, the district court noted that, under the plain language of West Virginia Code § 17A-6A-8(2) and § 17A-6A-5(c), a distributor is not liable for any reasonable rental value payments if (1) the dealership owns, manages, or establishes another make of new motor vehicles in the same dealership facilities and (2) the dealership is terminated because the dealership lost its floor plan financing or failed to substantially comply with its dealership agreement with the distributor. In this case, Elkins Subaru admits that its dealership shared ownership and management with a General Motors dealership, and that the two dealerships operated out of the same facility. Elkins Subaru also admits that its Subaru dealership was terminated by SOA because: (1) the dealership agreement between Elkins Subaru and SOA required Elkins Subaru to maintain floor plan financing and conduct standard business operations during customary business hours; (2) Elkins Subaru failed to maintain floor plan financing; and (3) Elkins Subaru shut down its business operations. Based on this evidence, the district court held that, "[a]s a multiline automobile

- 2 -

dealership, [Elkins Subaru] breached the terms of the franchise agreement with Subaru of America, and is thus not entitled to any damages contemplated by the West Virginia Statute." (J.A. 682).

On appeal, Elkins Subaru challenges the district court's grant of summary judgment on a variety of fronts. Having carefully reviewed the briefs, the record, and the relevant law, we agree with the district court that Elkins Subaru breached the terms of the parties' dealership agreement, and, therefore, as a multi-line automobile dealership, is not entitled to relief under West Virginia Code § 17A-6A-8(2). Accordingly, we affirm on the reasoning of the district court. Elkins Subaru, Inc. v. Subaru of America, Inc., Civil Action No. 2:10-cv-132 (N.D.W.Va. March 6, 2012).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED